Edward.M. O’Gorman, J.
Petitioner seeks the release of Richard McCauley, who was committed to the New York State Training School at Warwick, New York, on November 3, 1970, by a Judge of the Family Court of Kings County. At the time, the said Richard McCauley was a child adjudged in need of supervision, pursuant to section 732 of the Family Court Act. .
By a decision reported on July 2,1973 in Matter of Ellery C. (32 N Y 2d 588), the Court of Appeals of this State has now determined that persons in need of supervision may not validly be placed in a State training school. It is based on this decision that the release of Richard McCauley is now sought.
The respondent opposes the release on the ground that the recent decision of the Court of Appeals in Matter of Ellery C. (supra) was not intended to be applied retroactively. Respondent further argues that a writ of habeas corpus is not the proper remedy to be applied in this case. Respondent suggests that the *71 proper relief is by way of order to show cause, requiring a further dispositional hearing in the Family Court which issued the illegal commitment. It is argued that such a procedure will insure the orderly course of disposition of the many cases which are expected to be returned to Family Court for redisposition as a consequence of the Matter of Ellery C. decision. The respondent further urges that there is nothing before the court to justify Bichard McCauley’s outright release.
On the question of whether the ruling in Matter of Ellery C. should be applied retroactively, it seems clear that this is not a decision which grants a new remedy to an offender, or a decision in which a long-standing principle of law has been overruled or modified, in Cither of which cases it might not be necessary ór desirable to make the effects of the decision retroactive. In Matter of Ellery C. (supra) however, the Court of Appeals has clearly declared that the commitment of a person in need of supervision to a State training school has been contrary to the letter and the spirit of the Family Court Act since the adoption of chapter 686 of the Laws of 1962. The game court has, in no uncertain terms, made clear that the basis of the illegality is mingling children requiring supervision and treatment with the juvenile delinquents who are customarily committed to the New York State Training School. The Court of Appeals has adopted the following language of Mr. Justice Shapiro, dissenting in the court below, to underscore the nature of the condition: “ It may well result in his emerging from his incarceration well tutored in the ways of crime.” (Matter of Ellery C., 40 A D 2d 862, 864).
It would seem clear that since the condition of which the court complains will exist whenever and wherever a child is thus confined to a State training school, it can make no difference, as far as the evil to be remedied is concerned, whether that child had been confined to that institution before or after the decision of the Court of Appeals.
Based on this analysis, no rational argument presents itself as a basis for failing to redress the illegality of the detention of other persons in need of supervision now languishing in State training schools. The date of their commitment should not determine the fate of these children. Nor should we permit the convenience of Family Court in handling the details of redisposition to outweigh, in the scales of our concern, the collective misery and injustice visited on these children, who are admittedly guilty of relatively minor infractions of the code of good conduct for children.
*72 In my opinion, the decision of the Court of Appeals in Matter of Ellery C. (32 N Y 2d 588, supra) should be applied retroactively.
We come now to the final argument that the writ of habeas corpus is not available in this case. It should be pointed out that petitioner did in fact proceed by way of order to show cause on August 1, 1973, only to find the hearing on the motion adjourned to September 10, 1973. Meanwhile, Bichard Mc-Cauley continues to be confined illegally in the New York State Training School.
Under these circumstances, petitioner is entitled to cut short the length of the illegal detention by way of the writ, which in this case has been issued by the Appellate Division.
The court agrees with the respondent that it may well be undesirable to release Bichard McCauley outright at this time. CPLR 7010 (subd. [c]) provides as follows: “If the person detained is not ordered discharged and not admitted to bail, a final judgment shall be directed dismissing'the proceeding, and, if he was actually produced in court, remanding him to the detention from which he was taken, unless the person then detaining him was not entitled to do so, in which case he shall be remanded to proper detention.”
In accordance with the provisions of CPLR 7010 (subd. [c]), the court will direct the immediate release of Bichard McCauley from the New York State Training School at Warwick, New York, and hereby remands him to the custody of the Family Court of Kings County, to be there dealt with by that court in accordance with the directions contained in Matter of Ellery C. (supra).